UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**FILED**
MAY 1 2 2015 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

CRAIG CUNNINGHAM, Pro-se  )
)
*Plaintiff*  )
) CIVIL ACTION NO.: 3:15cv555
v.  )
)
Educational Financial Solutions LLC dba Campus Debt Solutions, HSD Holdings Inc.,
Howard S. Dvorkin, Beta Investment Group, Inc., and Trans2Pay LLC  )

*Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Educational Financial Solutions LLC, dba Campus Debt Solutions operates a website www.campusdebt.com and is a Florida Corporation operating from 6360 NW 5th Way, ste 103, Ft. Lauderdale, FL 33309. They have a registered agent named National Registered Agents Inc., with an address of 160 Green Tree drive, ste 101 Dover, DE 19904. This company is a debt collector as defined by the FDCPA, 15 USC 1692.

3. Howard S. Dvorkin, is a natural person and president of Beta Investment Group, Inc., which is the managing entity for Educational Financial Solutions, LLC and can be served via registered agent, Thomas Katz 2255 Glades Road Suite 240 W, Boca Raton FL 33432.

4. HSD Holdings Inc., is a related Florida Corporation operating from 2255 Glades Road, Ste 240 W. Boca Raton, FL 33431 and has a registered agent of Thomas Katz, 2255 Glades Road ste 240 W. Boca Raton FL 33431. Howard Dvorkin is an officer of the corporation HSD Holdings Inc.

5. Beta Investment Group is a Florida corporation operating from 6360 NW 5th Way, ste 302, Ft. Lauderdale, FL 33309. The registered agent is Thomas Katz at 2255 Glades Road, ste 240 W. Boca Raton, FL 33431.

6. Trans 2 Pay LLC is an Oklahoma Corporation with a registered agent of Randy Hendrix, 4500 S 129th E. Ave ste 175, Tulsa, OK 74134

## Jurisdiction

7. Jurisdiction of this court arises as the acts happened in this county.

8. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Tennessee for the purpose of soliciting Tennessee residents to refinance their student loans.

## FACTUAL ALLEGATIONS

9. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone which were not related to any emergency purpose and without the Plaintiff's consent. The calls were from 800-445-0101 and the Plaintiff later discovered through conversations that this entity is part of a new scam targeting individuals with student loans.

10. There has recently been a large increase in individuals masquerading as "document preparation" companies that seek to charge a large upfront fee for

doing very, very simple loan consolidation and selecting a loan program for repayment for student loans. These companies are targeting a vulnerable group of people who frequently are unaware of the costs involved and often seek to appear to be part of the US Department of Education or one of their loan servicers. These companies frequently make false promises of loan forgiveness by the US Government to induce people to sign up with them.

11. The National Consumer Law Center[1] has issued a publication about the problems with these companies and the New York department of Financial services formed a Student Protection[2] unit to combat student debt relief abuses being perpetuated against consumers.

12. In this case, the defendants were seeking an upfront payment of $699 in addition to a monthly maintenance fee of $20 for doing what most schools do for free for simply filling out the forms and submitting them to the US Department of Education. This takes all of 20 minutes of data entry. They claim their services are for "document preparation and electronic submission service" according to the documentation sent to the Plaintiff.

13. Additionally, Trans 2 Pay LLC acted as 3rd party payment processors and setup trust accounts for unwitting consumers where their payments would be held until disbursed to the US Department of Education. This was an additional fee of $5 per month. They qualify as "sellers" under the TCPA and are also liable for damages under the TCPA as their services are being offered in conjunction with the student debt consolidation scheme which resulted from the illegal telephone

---

[1] http://www.studentloanborrowerassistance.org/wp-content/uploads/File/searching-for-relief-report.pdf
[2] http://www.governor.ny.gov/news/governor-cuomo-announces-new-student-protection-unit-and-launch-investigation-student-debt

calls.

14. The company also tried to rope consumers into authorizing some form of student loan protection insurance program for $20 per month.

15. In total, there were at least of 19 calls made on behalf of the defendants and in these calls, for example on May 8th[th] 2015, the Plaintiff spoke with an agent who stated that she would evaluate the Plaintiff's student loans for various repayment programs and forgiveness programs.

16. These are false or misleading representations likely to confuse an unsophisticated consumer in violation of 15 USC 1692(e). By dangling the inducement of loan forgiveness, the Defendants made a false or misleading representation likely to deceive a consumer.

17. The Defendants are also debt collectors as defined by the FDCPA, 15 USC 1692(a), as they are using interstate commerce and they are in the principal purpose of collecting debts due to another, in this case, student loan debt. The Defendants also failed to provide any of the required disclosures under 15 USC 1692(g). The violations of the FDCPA entitles the Plaintiff to recover $1000.

18. Trans 2 Pay LLC is liable under the TCPA only as the calls in question were made on behalf of them or in the alternative, vicariously liable under the theories of Apparent authority, actual authority, or ratification. The contract paperwork specifies the services rendered by Trans 2 Pay LLC and fees paid to them. The TCPA creates liability for the entity making the calls as well as the entities for whom the calls are made on behalf of, as they are defined as "Sellers" under the TCPA and are liable as well for calls placed on their behalf.

19. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and entitle the Plaintiff to $1500 per call in damages.

20. The calls violated the TCPA due to the defendant's failure to maintain a Do not call list, failure to train the agents on the use of a do not call list, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4). These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

21. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

23. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The foregoing actions by the Defendants constitute multiple breaches of the

TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

## Count III

## Violations of the FDCPA

25. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 15 USC 1692(e) and 15 USC 1692(g)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call and $1000 in statutory damages under the FDCPA

C. Pre-judgment interest from the date of the phone calls.

D. Punitive Damages in the amount of $15,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

Respectfully submitted, May 8th, 2015

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977